

U.S. Department of Justice

Civil Division

Telephone: 202-514-3309

*Washington, DC 20530*

March 17, 2025

Clifton Cislak
Clerk of the Court
United States Court of Appeals
   for the District of Columbia Circuit
333 Constitution Ave, N.W,
Washington, D.C. 20001

      Re:   *J.G.G. et al. v. Trump et al.*
              Nos. 25-5067, 25-5068

Dear Mr. Cislak:

      Pursuant to Rule 28(j), the Government provides urgent notice of developments below. Yesterday, the Government provided a notice regarding its compliance with the district court's temporary restraining orders (attached). Overnight, Plaintiffs responded (attached) and asked the district court to compel the Government to address operational details regarding flights that removed aliens identified as associated with a designated foreign terrorist organization (government's response to same attached). The district court has now set an open, public hearing for 5pm Eastern and ordered that the "Government shall be prepared to provide answers to the questions raised by Plaintiffs." All of the questions at issue relate to *past* actions, not *prospective* compliance with the court's orders (about which Plaintiffs have raised no issue).

      That development escalates the stakes of the district court's inappropriate exercise of jurisdiction and the risks that the district court may force the government to disclose sensitive national security and operational security concerns or face significant penalties from the court. The Government cannot—and will not—be forced to answer sensitive questions of national security and foreign relations in a rushed posture without orderly briefing and a showing that these questions are somehow material to a live issue. Answering them, especially on the proposed timetable, is flagrantly improper and presents grave risks to the conduct of the Government in areas wholly unsuited to micromanagement supervision by a district court judge.

      The district court's hasty public inquiry into these sensitive national security matters—with no contemplated protections against disclosure of operational details—underscores the urgency of immediate relief from this Court, including an immediate administrative stay that would allow

further briefing to unfold in an orderly and appropriate manner and prevents the district court from further efforts to interfere with President Trump's core Article II authorities, including the conduct of foreign policy. This Court should also immediately reassign this case to another district court judge given the highly unusual and improper procedures—*e.g.* certification of a class action involving members of a designated foreign terrorist organization in less than 18 hours with no discovery and no briefing from the Government—that have been employed in the district court proceedings to date.

Respectfully submitted,

/s/ Drew C. Ensign
DREW C. ENSIGN
Deputy Assistant Attorney General
