ORAL ARGUMENT MARCH 24, 2025
Case Nos. 25-5067 & 25-5068

# United States Court of Appeals
# For the District of Columbia Circuit

J.G.G., ET AL.,
PLAINTIFFS-APPELLEES,

V.

DONALD J. TRUMP, ET AL.,
DEFENDANTS-APPELLANTS.

On Appeal from the United States District Court

for the District of Columbia

No. 1:25-cv-766

## MOTION OF STATE DEMOCRACY DEFENDERS FUND AND FORMER GOVERNMENT OFFICIALS FOR LEAVE TO PARTICIPATE AS *AMICI CURIAE*

Norman L. Eisen
**STATE DEMOCRACY DEFENDERS FUND**
600 Pennsylvania Avenue SE,
Suite 15180
Washington, DC 20003
Tel: (202) 594-9958
Norman@statedemocracydefenders.org

## MOTION OF STATE DEMOCRACY DEFENDERS FUND AND FORMER GOVERNMENT OFFICIALS FOR LEAVE TO PARTICIPATE AS *AMICI CURIAE*

Pursuant to Federal Rule of Appellate Procedure 29(a)(3) and Circuit Rule 29(b), State Democracy Defenders Fund ("SDDF") and 20 former government officials (collectively, "Prospective *Amici*") respectfully submit this motion for leave to participate as *amici curiae* in support of Plaintiffs' Opposition to Defendants' Motion to Stay Pending Appeal. *Amici curiae* are conservative or independent former government officials, including those who were elected as Republicans or served in Republican administrations.

The former government officials are:

- Donald Ayer, Deputy Attorney General, 1989-1990; Principal Deputy Solicitor General, 1986-1988.

- Arne Carlson, Governor of Minnesota, 1991-1999.

- Ty Cobb, Special Counsel to President Trump, 2017-2018.

- Barbara Comstock, Representative of the 10th Congressional District of Virginia, 2015-2019.

- George Conway, Board President for the Society for the Rule of Law.

- Eric Edelman, Principal Deputy National Security Advisor to the Vice President, 2001- 2003; Under Secretary of Defense for Policy, 2005-2009

- John Farmer, New Jersey Attorney General, 1999-2002; Assistant U.S. Attorney for the District of New Jersey, 1990-1994.

1

- Jim Greenwood, Representative of the 8th Congressional District of Pennsylvania, 1993-2005

- Michael Hayden, Director of the Central Intelligence Agency, 2006-2009; Director of the National Security Agency, 1999-2005; General, United States Air Force.

- Bob Inglis, Representative of the 4th Congressional District of South Carolina, 1993-1999 and 2005-2011.

- William Kristol, Chief of Staff to Vice President Dan Quayle, 1989-1993.

- Philip Lacovara, Counsel to the Special Prosecutor, Watergate Special Prosecutor's Office, 1973-1974.

- John McKay, U.S. Attorney for the Western District of Washington, 2001-2007.

- Tom Petri, Representative of the 6th Congressional District of Wisconsin, 1979-2015.

- Trevor Potter, Chairman of the Federal Election Commission, 1994; Commissioner of the Federal Election Commission, 1991-1995.

- Paul Rosenzweig, Deputy Assistant Secretary for Policy, Department of Homeland Security 2005-2009.

- Nicolas Rostow, Special Assistant to the President for National Security Affairs and Legal Adviser to the National Security Council, 1987-1993; Special Assistant to the Legal Adviser, U.S. Department of State, 1985-1987; Senior Research Scholar at Yale Law School.

- Robert Shanks, Deputy Assistant Attorney General, Office of Legal Counsel, 1981-1984.

- Peter Smith, Representative-at-Large of Vermont, 1989-1991.

- William Joseph Walsh, Representative of the 8th Congressional District of Illinois 2011-2013.

- Christine Todd Whitman, Governor of New Jersey, 1994-2001; Administrator of the Environmental Protection Agency, 2001-2003.

1. Prospective *Amici* meet all of the Rule 29 criteria for participation. Rule 29 provides that (1) an *amicus* must have a sufficient "interest" in the case, and (2) *amicus*'s brief must be "desirable" and discuss matters "relevant to the disposition of the case." Fed. R. App. P. 29(a)(3)(A), (B); *see Neonatology Assocs., P.A. v. Comm'r of Internal Revenue*, 293 F.3d 128, 129 (3d Cir. 2002) (Alito, J.); *United States v. Michigan*, 940 F.2d 143, 165 (6th Cir. 1991) (reasoning that an *amicus* brief need only be "useful or otherwise necessary to the administration of justice"). To the degree there is any doubt, "it is preferable to err on the side of granting leave" to file. *Neonatology*, 293 F.3d at 133. If an amicus brief is unhelpful, the Court can disregard it "without much trouble." *Id.* "On the other hand, if a good brief is rejected, the merits panel will be deprived of a resource that might have been of assistance." *Id.*

2. Prospective *Amici* have a substantial interest in this case. SDDF is a nonpartisan, nonprofit organization committed to upholding the rule of law and defending the Constitution with a bipartisan board. The other *amici curiae* are, as noted above, conservative or independent former

government officials, including those who were elected as Republicans or served in Republican administrations.

3. Collectively, they have spent decades in public service in the federal government and state government. They share a commitment to limited government, the rule of law, and protecting American citizens and residents from government overreach, particularly when that overreach threatens our freedoms and liberty.

4. Prospective *Amici* offer a broad perspective on the importance of the rule of law and judicial review to our constitutional order, making it desirable for the Court to consider Prospective *Amici*'s brief.

5. Prospective *Amici*'s brief will aid the Court's consideration of this case. The brief explains how the Administration's abuse of the Alien Enemies Act of 1798, 50 U.S.C. § 21, and its attempt to evade judicial review contravene the public interest and warrant denying the requested stay of the Temporary Restraining Order issued below.

6. This motion is timely filed. Circuit Rule 29(b) encourages Prospective *Amici* to file a motion for leave to participate "as promptly as practicable after the case is docketed in this court." Prospective *Amici* contacted

both parties to obtain consent for this brief on March 21, 2025. The parties take no position on the filing.

For the foregoing reasons, Prospective *Amici* request that the Court grant their motion for leave to participate as *amici curiae*.

Date: March 22, 2025                    Respectfully Submitted,

_____
Norman L. Eisen
**STATE DEMOCRACY DEFENDERS FUND**
600 Pennsylvania Avenue SE, Suite 15180
Washington, DC 20003
Tel: (202) 594-9958
Norman@statedemocracydefenders.org
*Counsel for Prospective* Amici

__/s/ Stuart M. Gerson_____
Stuart M. Gerson
1227 25th Street NW,
Suite 700
Washington, DC 20037
Tel: ((202) 669-9901
SGerson@ebglaw.com
*Counsel for Amici*

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and D.C. Circuit Rules 26.1 and 29(b), undersigned counsel certifies:

*Amicus curiae* State Democracy Defenders Fund has no parent company, and no publicly held company has a 10% or greater ownership interest in it.

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), this motion complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because it contains 894 words, excluding the parts exempted by Fed. R. App. P. 32(f) and Cir. R. 32(e)(1). I further certify that this motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because the motion was prepared in 14-point Times New Roman font using Microsoft Word.

_____

Norman L. Eisen

## CERTIFICATE OF SERVICE

I hereby certify, pursuant to Fed. R. App. P. 25(d) and Cir. R. 25, that on March 21, 2025, the foregoing motion was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notification to the attorneys of record in this matter who are registered with the Court's CM/ECF system.

_____

Norman L. Eisen

9